**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CARLOUS GERRARD HOOD,

*Defendant-Appellant.*

No. 08-7019

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

COREY ALLEN BROOKS,

*Defendant-Appellant.*

No. 08-7571

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(5:00-cr-00047-RLV-4; 5:01-cr-00008-RLV-7)

Argued: December 2, 2008

Decided: February 20, 2009

Before WILLIAMS, Chief Judge, and NIEMEYER
and MOTZ, Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Chief Judge Williams and Judge Motz joined.

---

**COUNSEL**

**ARGUED:** Matthew Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellants. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** Claire J. Rauscher, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina; Tanzania Cannon-Eckerle, Charlotte, North Carolina, for Appellants. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

In furtherance of its conclusion that "the 100-to-1 drug quantity ratio [of cocaine powder to crack cocaine used in sentencing] significantly undermines various congressional objectives set forth in the Sentencing Reform Act and elsewhere," the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, effective November 1, 2007. Amendment 706 amended U.S.S.G. § 2D1.1, lowering by two levels the offense levels associated with each quantity of crack cocaine, and, effective March 3, 2008, it was made retroactive.

Amendment 706 has now generated thousands of motions to reduce sentences, filed under 18 U.S.C. § 3582(c)(2) (authorizing the modification of a sentence "*based on* a sen-

tencing range that has subsequently been lowered by the Sentencing Commission" (emphasis added)). The two appeals here come to us from the district court's orders denying two such motions, one filed by Carlous Gerrard Hood and the other by Corey Allen Brooks. These defendants' convictions for crack cocaine trafficking required mandatory minimum sentences of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(A), but in each case the district court reduced the sentence under 18 U.S.C. § 3553(e)—Hood's to 100 months' imprisonment and Brooks' to 108 months' imprisonment—to reflect the defendant's substantial assistance to the government. Each defendant now, through his § 3582(c)(2) motion, requests a proportionate reduction of his sentence to reflect the lowering of sentences for crack cocaine offenses provided by Amendment 706.

We conclude that the defendants' sentences in these appeals were "based on" the statutorily mandated minimum sentence, not "based on a sentencing range" lowered by Amendment 706, and were reduced by the district court under 18 U.S.C. § 3553(e) only for each defendant's substantial assistance to the government, not because of the application of any "guideline range" lowered by Amendment 706. Because Amendment 706 lowered only the crack cocaine offense levels in § 2D1.1 of the Sentencing Guidelines, it did not have the effect of lowering the defendants' applicable sentencing ranges. Accordingly, we affirm.

I

*Carlous Gerrard Hood*

Hood pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In the plea agreement, Hood stipulated that he was responsible for more than 1.5 kilograms of crack cocaine and for at least 300 but less than 400 grams of

cocaine powder. The government had also filed earlier an information pursuant to 21 U.S.C. § 851, notifying Hood that it intended to rely on Hood's prior North Carolina state drug trafficking conviction to seek an enhanced sentence under 21 U.S.C. § 841(b)(1)(A).

The presentence report recommended a Guidelines sentence of 240 months' imprisonment. The report began with a base offense level of 38 under U.S.S.G. § 2D1.1 for an offense involving at least 1.5 kilograms of cocaine base and between 300 and 400 grams of cocaine powder, and lowered that level by three levels for Hood's acceptance of responsibility, yielding a final offense level of 35. With Hood's criminal history category of II, the resulting Guidelines range was 188 to 235 months' imprisonment. In light of Hood's prior felony offense, however, he was subject to the statutory mandatory minimum sentence of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(A), and that sentence became the Guidelines sentence under U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence").

Prior to sentencing, the government filed a motion for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, based on Hood's substantial assistance. The government recommended that the court "depart downward from the statutory sentence [of 240 months' imprisonment] to a term of 121 months."

At sentencing, the district court began by adopting the presentence report, finding that it accurately calculated Hood's Guidelines sentence. The government then described Hood's substantial assistance and, consistent with its earlier motion, proposed a downward departure to "offense level 31, criminal history category II," recommending a 121-month sentence. Acting under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the district court granted the government's motion, stating that it

> [found] that defendant's assistance was extensive—
> including an appearance for testimony at trial — sig-
> nificant, useful and timely, reliable, complete. The
> court has given the government's recommendation
> substantial weight and will sentence the defendant in
> the range of 29, category II, having in mind the
> nature of his assistance and recognizing, also, the
> purposes in particular of rehabilitation and deter-
> rence.

The district court then sentenced Hood to 100 months' impris-
onment, entering judgment on September 11, 2002.

In April 2008, because of Amendment 706 to the Sentenc-
ing Guidelines, which retroactively lowered the base offense
levels applicable to crack cocaine offenses under U.S.S.G.
§ 2D1.1 by two levels, Hood filed a motion under 18 U.S.C.
§ 3582(c)(2) for a further proportionate reduction of his sen-
tence. In his motion, Hood maintained that his original sen-
tence was ultimately based on the crack cocaine offense level
29, with a corresponding sentencing range of 97 to 121
months' imprisonment, and that his 100-month sentence was
13% above the low end of that range. Thus, he argued, under
Amendment 706, his offense level should be lowered two
levels to level 27, with a corresponding sentencing range of
78 to 97 months' imprisonment, and that his amended sen-
tence should be 81 months' imprisonment, at 13% above the
low end of that range.

The probation officer submitted a supplemental presentence
report that provided that under Amendment 706, Hood's
revised offense level was lowered from 35 to 33 and, with his
criminal history category of II, resulted in a revised sentenc-
ing range of 151 to 188 months' imprisonment. The report
concluded, however, that Amendment 706 had no effect on
Hood's sentence because, pursuant to U.S.S.G. § 5G1.1(b),
his Guidelines sentence remained 240 months' imprisonment,

the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A).

The district court denied Hood's § 3582(c)(2) motion, ruling that the 240-month statutory minimum sentence barred § 3582(c)(2) relief. The court explained:

> Pursuant to USSG § 5G1.1, the sentence imposed may not be less than the statutorily required minimum sentence. In this case, the statutory mandatory minimum sentence was deemed to be the guideline sentence under § 5G1.1(b). If Amendment 706 (Retroactive Crack Cocaine Amendment) had been in effect at the time of the original sentencing, it would not have been of benefit to defendant, because the statutorily mandated minimum sentence would have been the guideline sentence anyway. Because defendant's original sentence was based on the statutory minimum rather than the otherwise applicable guideline sentence, notwithstanding departure under USSG § 5K1.1 and 18 U.S.C. § 3553(e), Amendment 706 has no effect on the defendant's guideline sentence.

From the district court's order of June 13, 2008, denying Hood's § 3582(c) motion, Hood appealed.

*Corey Allen Brooks*

Brooks pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In the plea agreement, Brooks stipulated that he was responsible for in excess of 50 grams but less than 150 grams of crack cocaine. The government had also filed earlier an information pursuant to 21 U.S.C. § 851, notifying Brooks that it intended to rely on Brooks' prior North Carolina state

felony conviction for possession of cocaine to seek an enhanced sentence under 21 U.S.C. § 841(b)(1)(A).

The presentence report recommended a Guidelines sentence of 240 months' imprisonment. The report began with a base offense level of 32 under U.S.S.G. § 2D1.1 for an offense involving at least 50 grams but less than 150 grams of crack cocaine and lowered that by three levels for Brooks' acceptance of responsibility, yielding a final offense level of 29. With Brooks' criminal history category of III, the resulting Guidelines range was 108 to 135 months' imprisonment. In light of Brooks' prior felony offense, however, he was subject to the statutory mandatory minimum sentence of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(A), and that sentence became the Guidelines sentence under U.S.S.G. § 5G1.1(b).

Prior to sentencing, the government filed a motion for a downward departure under 18 U.S.C. § 3553(e), based on Hood's substantial assistance. In its motion, the government stated:

> The defendant's assistance was significant. He gave a complete and truthful debriefing about the conspiracy. His cooperation led, in part, to the guilty pleas of co-conspirators. Also taken into consideration, however, is the fact of the defendant's violation of the conditions of his bond through the continued use of marijuana and cocaine.

The government recommended that the court impose a sentence below the applicable statutory range of 240 months' imprisonment and sentence Brooks to 160 months' imprisonment.

At sentencing, the district court began by adopting the presentence report, finding that it accurately calculated Hood's Guidelines sentence. The government then described Brooks'

substantial assistance, stating that Brooks "provided what we believe to be a truthful debriefing outlining the contours of [a] conspiracy . . . that led to some of the guilty pleas of co-conspirators." The government told the court that it took into account "the fact that [Brooks] had multiple violations of his bond through continued use of marijuana and cocaine" in arriving at a recommended sentence of 160 months' imprisonment, 80 months below the 240-month statutory minimum. When considering the government's motion, the court observed:

> [I]t does strike me that if the statutory minimum is not applicable, the court is faced with the guideline range of 108 to 135. . . . [T]he mandatory minimum . . . is a sentence imposed by statute. And if the court isn't bound by that statute, then the only thing left is the guideline range.

In response to the court's observation, the government revised its recommendation to request a sentence of 135 months' imprisonment, at the top of the range identified by the court. The district court then granted the government's motion under 18 U.S.C. § 3553(e), stating:

> Defendant's cooperation was significant, complete and truthful. And it led to certain guilty pleas of others, although the court considers also the fact that he violated his bond. Considering also the sentences of the co-defendants and the fact that he was a street level drug dealer, the court will sentence at the low end of the range.

The court sentenced Brooks to 108 months' imprisonment, entering judgment on January 9, 2003.

In June 2008, because of Amendment 706 to the Sentencing Guidelines, Brooks filed a motion under 18 U.S.C. § 3582(c)(2) for further reduction of his sentence. In his

motion, Brooks maintained that his original sentence was ultimately based on the crack cocaine offense level 29, with a corresponding sentencing range of 108 to 135 months' imprisonment, and that his 108-month sentence represented the low end of that range. Thus, he argued, under Amendment 706, his offense level should be lowered two levels to level 27, with a corresponding sentencing range of 87 to 108 months' imprisonment, and that his amended sentence should be 87 months' imprisonment, at the low end of the amended range.

The probation officer submitted a supplemental presentence report that provided that under Amendment 706, Brooks' revised offense level was lowered from level 29 to level 27 and, with his criminal history category III, resulted in a revised sentencing range of 87 to 108 months' imprisonment. The report concluded, however, that Amendment 706 had no effect on Hood's sentence because, pursuant to U.S.S.G. § 5G1.1(b), his Guidelines sentence remained 240 months' imprisonment, the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A).

The district court denied Brooks' § 3582(c)(2) motion, ruling that the 240-month statutory minimum sentence barred § 3582(c)(2) relief. The court explained:

> Pursuant to USSG § 5G1.1, the sentence imposed may not be less than the statutorily required minimum sentence. If Amendment 706 (Retroactive Crack Cocaine Amendment) had been in place at the original sentencing, the guideline sentence would have been the mandatory minimum. Therefore, Amendment 706 has no effect on the defendant's sentence.

From the district court's order of July 29, 2008, denying his § 3582(c) motion, Brooks appealed.

II

We begin by examining the specific authority granted to courts by Congress in 18 U.S.C. § 3582(c)(2) to modify sentences. Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant is "sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). That subsection is part of a larger provision that denies district courts generally any authority to modify a term of imprisonment "once it has been imposed." 18 U.S.C. § 3582(c). Thus, subsection (c)(2) provides a court exceptional authority to reduce a sentence. It also provides that any such reduction of a sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The applicable policy statement issued by the Sentencing Commission, implementing § 3852(c)(2), provides that a sentence reduction under § 3582(c)(2) "is not authorized" if the amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Sentencing Guidelines also provide specific instructions for a court when "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted." U.S.S.G. § 1B1.10(b)(1). They instruct that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[ ] . . . had been in effect at the time the defendant was sentenced . . . substitut[ing] only the amendment[ ] . . . for the corresponding guideline provision[ ] that [was] applied" and "leav[ing] all other guideline application decisions unaffected." *Id.*

Amendment 706, which was made effective November 1, 2007, and retroactive effective March 3, 2008, amended § 2D1.1 of the Sentencing Guidelines by reducing the offense levels associated with crack cocaine quantities by two levels.

*See* U.S.S.G. supp. to app. C, amend. 706 (Nov. 1, 2007); *id.* amend. 713 (May 1, 2008); U.S.S.G. § 2D1.1; U.S.S.G. § 1B1.10(c). Amendment 706, by lowering a sentencing range with retroactive application, now enables a defendant to seek a reduced sentence through a motion filed under 18 U.S.C. § 3582(c)(2). To be the basis of a reduction under § 3582(c)(2), however, Amendment 706 must have "the effect of lowering the defendant's *applicable* guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).

A

Hood contends that the district court erred in denying his § 3582(c)(2) motion because, even though he was subject to a mandatory minimum sentence of 240 months' imprisonment, the court departed from that mandatory minimum sentence to a sentence that fell within "the 97- to 120-month sentencing range corresponding to Offense Level 29 and Criminal History Category II." Hood argues that the district court's decision "fully incorporated the crack cocaine guideline modified by Amendment 706 — as evidenced by the government's acknowledgement that the district court's downward departure [during sentencing] to Offense Level 29 reflected a six-level departure from the otherwise applicable Offense Level." He thus asserts that his sentence was based not on the 240-month mandatory minimum sentence, but on the range corresponding to offense level 29. He contends that Amendment 706 lowered this range by reducing his offense level to 27, with a corresponding 78- to 97-month range, and because his 100-month sentence was 13% above the low end of the range for offense level 29, his amended sentence should be 81 months, at 13% above the low end of the range for offense level 27.

The first calculation that was performed in Hood's sentencing was to compare the drug quantities attributable to Hood with the relevant offense levels in U.S.S.G. § 2D1.1. This step resulted in assigning Hood an offense level of 38. That level

was then reduced by three levels to level 35 because of Hood's acceptance of responsibility. Offense level 35, combined with Hood's criminal history category of II, resulted in a Guidelines range of 188 to 235 months' imprisonment. That calculation, which applied U.S.S.G. § 2D1.1, however, became irrelevant to Hood's sentence because it yielded a sentencing range less than the statutory minimum sentence of 240 months' imprisonment as mandated by 21 U.S.C. § 841(b)(1)(A). And under the Sentencing Guidelines, Hood's Guidelines sentence became the statutory minimum, not any sentence derived from U.S.S.G. § 2D1.1. *See* U.S.S.G. § 5G1.1(b) (providing that when the mandatory minimum sentence is greater than the otherwise applicable guideline range, "the statutorily required minimum sentence shall be the guideline sentence"). At this point Hood's sentence was "based on" the Guidelines sentence of 240 months, rather than on the sentencing range derived from § 2D1.1 for individual crack cocaine offenses, which Amendment 706 amended. Because Amendment 706 did not purport to lower the statutory mandatory minimum—indeed, the Sentencing Commission has no authority to lower a statutory mandatory minimum—it did not have the effect of lowering Hood's Guidelines range. Because Hood's 240-month Guidelines sentence was based on a statutory minimum and U.S.S.G. § 5G1.1(b), it was not *based on* a sentencing range lowered by Amendment 706, and at this point in the analysis, Hood would not be eligible for a reduced sentence under § 3582(c)(2).

The commentary to U.S.S.G. § 1B1.10 supports this analysis. Application Note 1(A) provides that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A). In this case, the oper-

ation of the 240-month statutory mandatory minimum rendered Amendment 706 inapplicable.

But Hood's ultimate 100-month sentence was the product of a further sentencing procedure, a downward departure authorized by 18 U.S.C. § 3553(e) when the government files a motion for the reduction based on a defendant's substantial assistance to the government.[1] Absent the limited authority granted by § 3553(e), the district court was not authorized to reduce Hood's statutory minimum sentence. Section 841(b)(1)(A) mandated that Hood "be sentenced to a term of imprisonment *which may not be less than 20 years . . . imprisonment*." 21 U.S.C. § 841(b)(1)(A). This mandate could not have been bypassed by the Sentencing Guidelines or by the sentencing judge. Only Congress could authorize a departure from the statutorily mandated minimum sentence, and it did so in § 3553(e) for the *limited* purpose stated there — "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e).[2] In this case, the district court

---

[1]Section 3553(e) of Title 18 provides:

> **Limited authority to impose a sentence below a statutory minimum.**—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

[2]Hood argues that our decision in *United States v. Allen*, 450 F.3d 565 (4th Cir. 2006), mandates that a sentence imposed pursuant to a § 3553(e) departure should be measured not just by a defendant's substantial assistance, but also by reference to the § 3553(a) factors and the defendant's otherwise applicable guidelines range. We have previously held, however, that in determining the extent of a departure below a statutory minimum a district court should look to the substantial assistance factors listed in U.S.S.G. § 5K1.1(a) *United States v. Pillow*, 191 F.3d 403, 407 (4th Cir.

exercised that authority on finding that Hood's "assistance was extensive . . . significant, useful and timely, reliable, [and] complete."

Because Amendment 706 did not amend the authority conferred by § 3553(e), nor the authority conferred by U.S.S.G. § 5K1.1 implementing § 3553(e), the Amendment was irrelevant to the reduction of Hood's sentence. Amendment 706 amended U.S.S.G. § 2D1.1, but that section is not made applicable to and does not authorize a reduction of sentences for substantial assistance under § 3553(e) and U.S.S.G. § 5K1.1. In short, Hood's sentence was not "based on a sentencing range . . . lowered by the Sentencing Commission" and therefore was not subject to modification under 18 U.S.C. § 3582(c)(2).

Hood argues that after the district court departed downward pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 on account of his substantial assistance, his sentence was no longer based on the statutory mandatory minimum, but instead

---

1999). Moreover, the weight of authority in other circuits undercuts Hood's contention; in short, the extent of a § 3553(e) departure is based solely on the defendant's substantial assistance and other factors related to that assistance. *See United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008) ("When . . . the Guidelines sentence ends up as the statutory minimum, both the decision to depart and the maximum permissible extent of this departure below the statutory minimum may be based only on substantial assistance to the government and on no other mitigating considerations"); *United States v. Williams*, 474 F.3d 1130, 1130-31 (8th Cir. 2007) ("Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations"); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006) ("We thus join the majority of circuits in holding that the extent of a . . . § 3553(e) departure must be based solely on assistance-related concerns"); *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003) ("[I]n fixing a substantial assistance departure . . . [t]he district court may not . . . consider factors unrelated to the defendant's assistance").

on the otherwise applicable crack cocaine sentencing range. He reasons that because § 3553(e) does not impose a lower limit on the sentence that a district court may select under that section, a sentencing court may fashion a departure that takes into account the defendant's otherwise applicable guideline range, including the range based on § 2D1.1, which was amended by Amendment 706. He notes that in this case, the district court indicated that it had "given the government's recommendation substantial weight and . . . sentence[d] the defendant in the range of 29, category II, having in mind the nature of his assistance and recognizing, also, the purposes in particular of rehabilitation and deterrence." Hood suggests that the "range of 29, category II" is an implicit incorporation of U.S.S.G. § 2D1.1.

Hood's argument, however, contains several flaws. First, it overlooks the fact that the only "guideline range applicable" to his sentence, *see* U.S.S.G. § 1B1.10(a)(1), was the statutorily mandated "guideline sentence" of 240 months' imprisonment made applicable by U.S.S.G. § 5G1.1(b), and that Guidelines sentence was never removed from operation in this case. As we have stated, "§ 3553(e) allows for a departure *from*, *not the removal of*, a statutorily required minimum sentence." *Pillow*, 191 F.3d at 407 (emphasis added).

Second, in authorizing a sentence below the statutory minimum, § 3553(e) does not provide any "sentencing range," much less a "sentencing range that has subsequently been lowered by the Sentencing Commission," as § 3582(c)(2) identifies as the object of a § 3582(c)(2) motion to reduce a sentence. Rather, § 3553(e) directs that the sentence allowed below the statutory minimum "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission." The Sentencing Commission implemented § 3553(e) in U.S.S.G. § 5K1.1. *See* U.S.S.G. § 5K1.1 cmt. n.1; *see generally Pillow*, 191 F.3d at 407. But § 5K1.1 also does not establish a sentencing range. Instead, it gives the sentencing judge discretion to give a defendant an "appropri-

ate reduction," consistent with the non-exclusive list of reasons for consideration by the judge, all related to the nature and quality of a defendant's substantial assistance.[3] *See* U.S.S.G. § 5K1.1; *United States v. Pearce*, 191 F.3d 488, 492 (4th Cir. 1999) (holding that under § 5K1.1, a sentencing court may *only* consider the "nature, extent, and significance" of the defendant's assistance). In short, in reducing a sentence under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the sentencing court does not apply a Guidelines sentencing range. *See United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir. 2008) (per curiam) (holding that a crack cocaine defendant was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Amendment 706 where the defendant was subject to a statutory mandatory minimum sentence and the district court departed downward on the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1).

It is true that the district court in this case did, in considering the degree of departure, allude to a Sentencing Guidelines offense level and the sentencing range corresponding to it, rather than referring to a percentage or to some other number to quantify its downward departure. But the reference to level 29 has no legal significance for the analysis under § 3582(c)(2). The statute authorizing a departure from the mandatory minimum did not provide a sentencing range, leav-

---

[3]U.S.S.G. § 5K1.1(a) lists the following non-exclusive reasons for an appropriate sentence reduction:

(1)   [T]he court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)   the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3)   the nature and extent of the defendant's assistance;

(4)   any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5)   the timeliness of the defendant's assistance.

ing that to the district court's discretion. Nor did the Sentencing Guidelines provide a sentencing range that was applicable. The court was not, therefore, applying a Guidelines range such that any sentence imposed was "based on a sentencing range," as required by § 3582(c)(2).

Thus, Hood's 100-month sentence was not *based on* any sentencing range authorized by U.S.S.G. § 2D1.1, which Amendment 706 amended, but rather on the mandated statutory minimum sentence required by § 841(b)(1)(A) from which the district court departed as authorized by § 3553(e), employing the factors identified in U.S.S.G. § 5K1.1. Because his sentence was not "based on a sentencing range . . . lowered by the Sentencing Commission," it was therefore not subject to "modification" pursuant to a motion filed under § 3582(c)(2).

Hood argues that *United States v. Goines*, 357 F.3d 469, 473-80 (4th Cir. 2004), dictates a different outcome. In *Goines*, we considered whether a *clarifying* amendment to the Sentencing Guidelines lowered a sentencing range for purposes of a motion under § 3582(c)(2). In holding that "a defendant may rely on a clarifying . . . amendment to support a § 3582(c)(2) motion, so long as the amendment has been designated for retroactive application and would result in application of a sentencing range lower than the range applied at the original sentencing proceeding," *id.* at 480, we stated that "sentencing range" is "the range *actually applied* by the district court," as distinct from the range "*prescribed* by the sentencing guidelines." *Id.* at 474, 475 (emphasis added). Hood thus argues that *Goines* requires us to determine whether Amendment 706 lowers not the range "prescribed by the guidelines," but rather the range "applied by the district court," which he contends was a post-departure sentencing range that incorporated § 2D1.1.

Hood's argument, however, is neither advanced nor supported by *Goines*. In *Goines*, the issue was whether a court,

in determining whether an amendment lowered a sentencing range, should consider the Guidelines range that should have been applied to the defendant or the Guidelines range actually applied by the district court. In order to permit consideration of the *clarifying* amendment in connection with the sentence actually imposed, we held that a court must consider the Guidelines range *actually applied* by the district court that the clarifying amendment retroactively changed. Unlike the sentencing court in Goines, however, the district court here correctly applied the Sentencing Guidelines in the first instance. The district court applied the statutory mandatory minimum as prescribed by U.S.S.G. § 5G1.1(b), and then it departed from that statutory minimum pursuant to 18 U.S.C. § 3553(e), which does not authorize a "guideline range." Thus, the *only* "corresponding guideline provision[ ] . . . applied when [Hood] was sentenced" was U.S.S.G. § 5G1.1(b), but this provision was not amended by Amendment 706. U.S.S.G. § 1B1.10(b)(1). In short, the holding in *Goines* does not contribute to or change the analysis we apply to Hood.

B

Brooks argues similarly that the district court erred in denying his motion for a reduced sentence under § 3582(c)(2) because after the district court departed downward pursuant to the government's motion under 18 U.S.C. § 3553(e), he was sentenced within the range of 108 to 135 months that corresponds to crack cocaine offense level 29 and criminal history category III. Because his sentence of 108 months represented the low end of the range, he thus argues that under Amendment 706, his offense level should be lowered from 29 to 27, corresponding to the lowered range of 87 to 108 months, and that his amended sentence should be 87 months' imprisonment, at the low end of that range.

For the reasons that we have given in connection with Hood, Brooks is likewise not eligible for a sentence reduction under § 3582(c)(2). His 108-month sentence was not "based

on" the sentencing range for crack cocaine offenses that was lowered by Amendment 706. Like Hood's, his sentence was based on a statutory minimum fixed by 21 U.S.C. § 841(b)(1)(A), and it was reduced to an appropriate sentence authorized under § 3553(e) for his substantial assistance.

Brooks contends that the district court, in acting under § 3553(e) to impose a sentence below the statutory minimum, explicitly took into account the crack cocaine Guidelines range that would have been applicable but for the statutory minimum. The district court stated at sentencing, "[I]f the court isn't bound by that statute [fixing the mandatory minimum], then the only thing left is the guideline range."

But in Brooks' case, like in Hood's case, the district court's comments, whether appropriate or not, were legally insignificant for purposes of the analysis under § 3582(c)(2). In considering factors by which to quantify a departure under 18 U.S.C. § 3553(e), the court was not applying a "guideline provision[ ]" corresponding to Amendment 706, U.S.S.G. § 1B1.10(b)(1), such that the sentence it imposed was based on a "sentencing range" lowered by Amendment 706, 18 U.S.C. § 3582(c)(2).

Like Hood's sentence, Brooks' sentence was based on a statutory minimum fixed by 21 U.S.C. § 841(b)(1)(A), from which the district court departed downward as authorized by 18 U.S.C. § 3553(e) for Brooks' substantial assistance, not on any "applicable guideline range" lowered by Amendment 706. No guideline range was applicable, and Amendment 706 did not purport to reduce any factors that the district court was authorized to consider in quantifying a downward departure under § 3553(e).

III

Finally, both Hood and Brooks contend that this court's practice of placing appeals from the denial of relief under

§ 3582(c) on the informal briefing calendar under Local Rule 34(b) presents "serious constitutional problems" arising from the "delay or denial of relief." *See United States v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984) ("[U]ndue delay in processing an appeal *may* rise to the level of a due process violation").

In determining whether a delay in processing on appeal rises to the level of a due process violation, the court considers four factors: (1) "the length of delay"; (2) "the reason for the delay"; (3) whether the defendant has asserted his right; and (4) any prejudice that the delay causes to the defendant. *Johnson*, 732 F.2d at 381-82 (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Considering these factors, we conclude that no due process violation occurred.

Since the enactment of Amendment 706, thousands of motions have been filed under § 3582(c), and most of the appeals from rulings on these motions are filed by defendants pro se. In these cases, informal briefing may result in a more timely resolution than formal briefing because the formal briefing and argument that might follow require additional time. But even in these appeals by Hood and Brooks, where formal briefing and argument were ordered, the delay was neither undue nor prejudicial. The docket in this case shows that Hood filed his notice of appeal pro se on June 19, 2008, and his informal brief on July 21, 2008. In view of the legal issues raised by his reliance on Amendment 706, this court appointed counsel for Hood on September 15, 2008, who filed a formal brief on October 6, 2008. The court heard oral argument on December 2, 2008, less than six months after Hood first filed his notice of appeal.

The time periods for Brooks are even more compressed. Brooks filed his notice of appeal pro se on August 6, 2008, and his informal brief on September 15, 2008. On that same date, counsel entered an appearance for Brooks and proceeded to have Brooks' appeal consolidated with Hood's appeal

because both appeals raised the same issue under Amendment 706. The court consolidated the two appeals, and Brooks filed a supplemental formal brief on November 18, 2008. Again, the court heard oral argument on December 2, 2008.

We cannot conclude that these processes denied either Hood or Brooks due process.

For the reasons given, the district court's orders denying the motions of Hood and Brooks under 18 U.S.C. § 3582(c)(2) are

*AFFIRMED*.