**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7513**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JERBLONSKI LEON ADDISON, a/k/a Blonski,

                    Defendant - Appellant.


Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:05-cr-00464-CMC-2)


Submitted:  March 30, 2009          Decided:  April 22, 2009


Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.


Affirmed by unpublished per curiam opinion.


Herbert W. Louthian, Sr., LOUTHIAN LAW FIRM, P.A., Columbia, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, Robert F. Daley, Jr., Jane Taylor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerblonski Leon Addison appeals a district court order and amended judgment in a criminal case denying his motion for a sentence reduction under 18 U.S.C. § 3582(c) (2006) based on Amendments 706 and 711 to the Sentencing Guidelines. We affirm.

Addison pled guilty to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846 (2006). Based on a total offense level of forty-one and a criminal history category of VI, his resulting Guidelines range of imprisonment was 360 months to life. However, because he had two prior felony drug convictions, his statutory mandatory minimum sentence was life, which became his Guideline sentence. At sentencing, based on the Government's motion for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 and 18 U.S.C. § 3553(e) (2006), the district court departed downward and sentenced Addison to 292 months' imprisonment. The court subsequently denied Addison's motion for a sentence reduction under § 3582(c), finding the statutory mandatory minimum sentence was not affected by the Guidelines amendments. The court noted Addison was not eligible for the reduction because he was subjected to a statutory mandatory minimum sentence from which the court previously departed based on his substantial

2

assistance. The court did grant the Government's Fed. R. Crim. P. 35 motion and resentenced Addison to 210 months' imprisonment.

The legal interpretations of the Sentencing Guidelines and the amendments are reviewed de novo. Factual findings are reviewed for clear error. See United States v. Turner, 59 F.3d 481, 483-84 (4th Cir. 1995). We review the denial of a motion for a reduction in the sentence under § 3582(c)(2) for abuse of discretion. United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004).

We find the district court properly found it was without authority to modify Addison's sentence pursuant to Amendments 706 and 711 of the Sentencing Guidelines. See United States v. Hood, 556 F.3d 226, 233-36 (4th Cir. 2009). In Hood, the court held that Amendment 706 did not lower the statutory mandatory minimum sentence and did not have the effect of lowering Hood's Guidelines range of imprisonment. Hood, 556 F.3d at 235-36. Likewise, because Addison's sentence was not based on a sentencing range authorized by U.S. Sentencing Guidelines Manual § 2D1.1, which Amendments 706 and 711 amended, it was not available for a modification under § 3582(c). See Hood, 556 F.3d at 233.

Accordingly, we affirm the district court's order and amended judgment. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED