**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7081**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LENORIS WILLARD,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (4:03-cr-00474-CWH-29)

Submitted:  April 8, 2009            Decided:  April 28, 2009

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lenoris Willard, Appellant Pro Se.  Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lenoris Willard appeals a district court order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c) (2006) based on Amendments 706 and 711 to the Sentencing Guidelines. We affirm.

Willard pled guilty to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A); 846 (West 1999 & Supp. 2006). Based on a total offense level of thirty-five and a criminal history category of III, his resulting Guidelines range of imprisonment was 210 to 260 months' imprisonment. However, his statutory mandatory minimum sentence was 240 months, which became the low end of the Guidelines sentence. At sentencing, based on the Government's motion for a downward departure, the district court departed downward and sentenced Willard to 100 months' imprisonment. The court subsequently denied Willard's motion for a sentence reduction under § 3582(c), finding the statutory mandatory minimum sentence was not affected by the Guidelines amendments. The court noted Willard was not eligible for the reduction because he was subject to a statutory mandatory minimum sentence from which the court previously departed based on his substantial assistance.

The legal interpretations of the Sentencing Guidelines and the amendments are reviewed de novo. Factual findings are reviewed for clear error. See United States v. Turner, 59 F.3d 481, 483-84 (4th Cir. 1995). We review the denial of a motion for a reduction in the sentence under § 3582(c)(2) for abuse of discretion. United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004).

We find the district court properly found it was without authority to modify Willard's sentence pursuant to Amendments 706 and 711 of the Sentencing Guidelines. See United States v. Hood, 556 F.3d 226, 235-36 (4th Cir. 2009). In Hood, the court held that Amendment 706 did not lower the statutory mandatory minimum sentence and did not have the effect of lowering Hood's Guidelines range of imprisonment. Id. Likewise, because Willard's sentence was not based on a sentencing range authorized by U.S. Sentencing Guidelines Manual § 2D1.1, which Amendments 706 and 711 amended, it was not subject to a modification under § 3582(c). See Hood, 556 F.3d at 235-36.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3