**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-7086**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMAR L. JONES,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Margaret B. Seymour, District Judge.  (5:03-cr-00964-l)

———————

Submitted:  April 23, 2009          Decided:  April 30, 2009

———————

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jamar L. Jones, Appellant Pro Se.  William Kenneth Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar L. Jones appeals the district court's order denying his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). Jones argues that the district court erred by failing to reduce his sentence based upon Amendment 706 of the Guidelines. See U.S. Sentencing Guidelines Manual § 2D1.1(c) (2007 & Supp. 2008); USSG App. C Amend. 706. As we recently observed, "Amendment 706 . . . amended § 2D1.1 of the Sentencing Guidelines by reducing the offense levels associated with crack cocaine quantities by two levels." United States v. Hood, 556 F.3d 226, 232 (4th Cir. 2009). Jones's guideline range, because of a statutory mandatory minimum sentence, was 120 to 135 months. He was sentenced to 120 months, a sentence later reduced to 108 months for substantial assistance, under 18 U.S.C. § 3553(e) (2006) and USSG § 5K1.1.

The district court correctly concluded that, on account of the statutory mandatory minimum, Amendment 706 "does not have the effect of lowering" Jones's guideline range. USSG 1B1.10, p.s., cmt. n.1(A). Accordingly, a reduction in Jones's sentence is not authorized under § 3582(c)(2). Further, the fact that the district court reduced Jones's sentence for substantial assistance is irrelevant to the applicability of Amendment 706. Hood, 556 F.3d at 234. Accordingly, we affirm the decision of the district court. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED