**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4558**

─────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ERIC EDWARD RING,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge.
(8:06-cr-00028-DKC-8)

─────────

Submitted:  May 21, 2009                Decided:   June 16, 2009

─────────

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Harry D. McKnett, Columbia, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Barbara S. Skalla, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Edward Ring pled guilty to conspiracy to distribute and possess with intent to distribute cocaine. Ring's Sentencing Guidelines range, as calculated in his presentence report, was 60-71 months of imprisonment, based on a total offense level of 25, criminal history category of I, and statutory minimum sentence of five years.[*] After granting the Government's motion for a four-level downward departure for substantial assistance, made under U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2007) and 18 U.S.C.A. § 3553(e) (West Supp. 2009), Ring's sentencing range was lowered to 37-46 months of imprisonment. The district court sentenced Ring to thirty-seven months but declined to further reduce Ring's sentence. The court found it did not have authority to do so. On appeal, Ring argues that the district court had authority to further reduce his sentence below the sentencing range allowed by the downward departure under 18 U.S.C. § 3553(a) (2006). For the reasons that follow, we affirm.

Ring primarily relies on this court's opinion in United States v. Allen, 450 F.3d 565 (4th Cir. 2006), to support his argument that the district court had authority to further

_____

[*] The parties agree that Ring's statutory minimum sentence was five years.

2

reduce his sentence beyond the extent allowed under USSG § 5K1.1 and § 3553(e). We have previously rejected this argument. See United States v. Hood, 556 F.3d 226, 234 n.2 (4th Cir. 2009) (rejecting litigant's claim under Allen, that a sentence imposed pursuant to a § 3553(e) departure should be measured not just by a defendant's substantial assistance but also by reference to the § 3553(a) factors, and noting that "the extent of a § 3553(e) departure is based solely on the defendant's substantial assistance and other factors related to that assistance").

Accordingly, we affirm Ring's sentence. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED