**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-8471

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

THOMAS RUTHERFORD CARSON, a/k/a Tom, a/k/a Sld Dft 1:00-9-4,

             Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:00-cr-00009-LHT-4)

Submitted:  April 30, 2009          Decided:  June 17, 2009

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ross H. Richardson,
Elizabeth Blackwood, FEDERAL DEFENDERS OF WESTERN NORTH
CAROLINA, INC., Charlotte, North Carolina, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Charlotte,
North Carolina, Amy E. Ray, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Rutherford Carson appeals the district court's order denying his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). Carson argues that the district court erred by failing to reduce his sentence based upon Amendment 706 of the Guidelines. See U.S. Sentencing Guidelines Manual, § 2D1.1(c). He contends that he is entitled to an adjustment in his sentence under Amendment 706.[*]

At sentencing, Carson's Guideline range based on drug involvement would have been 235 to 293 months. However, he was found to be a career offender, resulting in a Guideline range of 262 to 327 months. On the government's motion, the district court agreed to reduce Carson's sentencing range to 140 to 175 months to account for his substantial assistance, pursuant to Section 5K1.1 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(e). Thereafter, Carson argued for a

---

[*] Amendment 706 "amended § 2D1.1 of the Sentencing Guidelines by reducing the offense levels associated with crack cocaine quantities by two levels." United States v. Hood, 556 F.3d 226, 232 (4th Cir. 2009). This amendment lowers a sentencing range with retroactive application and enables a defendant to seek a reduced sentence through a motion filed under 18 U.S.C. § 3582(c)(2). Id. In order for a defendant to receive a reduced sentence under § 3582(c)(2), "Amendment 706 must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (emphasis in original).

2

further departure based on various circumstances concerning his health and past criminal history. In response to these arguments, the government agreed that a one-level reduction was appropriate; and the court lowered Carson's sentencing range to between 130 and 162 months. Carson was then sentenced to 132 months.

In denying Carson's 3582(c)(2) motion, the district court noted that Carson was originally sentenced as a career offender based on his criminal history and was not sentenced based on an offense level associated with a drug quantity. Therefore, the district court properly determined that Carson was not entitled to a reduction in his sentence based on Amendment 706, which only applies to reduce offense levels associated with a drug quantity. See U.S. Sentencing Guidelines Manual, § 1B1.10, p.s., cmt. n. 1(A). Accordingly, a reduction in Carson's sentence is not authorized under § 3582(c)(2). The fact that the district court originally reduced Carson's sentence for substantial assistance and other considerations is irrelevant to the applicability of Amendment 706. See Hood, 556 F.3d at 234. Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED