**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4959**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERMAINE VERNARD HAYES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Senior District Judge. (1:07-cr-00376-NCT-1)

Submitted: August 13, 2009          Decided: August 27, 2009

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David Bruce Freedman, CRUMPLER, FREEDMAN, PARKER & WITT, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Vernard Hayes appeals his sentence. Hayes pled guilty to one count of conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). Because he had a prior felony drug conviction, his statutory sentence was a minimum of twenty years' imprisonment. The Government moved for a downward departure under 18 U.S.C. § 3553(e) (2006)[*] and U.S. Sentencing Guidelines Manual § 5K1.1 based on Hayes's substantial assistance and recommended departing below the statutory minimum sentence by forty percent, which would result in a sentence of 144 months. Hayes moved for an even lower sentence based on the sentencing factors under 18 U.S.C. § 3553(a). The court denied Hayes's motion, granted the Government's motion, and sentenced Hayes to 144 months' imprisonment. We affirm.

---

[*] Section 3553(e) is titled "Limited authority to impose a sentence below a statutory minimum" and states that

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

Hayes argues the district court had authority to consider the § 3553(a) sentencing factors and impose a sentence below the twenty-year statutory minimum and below the 144-month sentence recommended by the Government due to his substantial assistance. Pure legal questions regarding sentencing are reviewed de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). In Green, the court noted that when determining what sentence was appropriate, it should consider the § 3553(a) factors, but stated that "[t]he statutory limits for both maximum and minimum sentences must be honored except as statute otherwise authorizes." Green, 436 F.3d at 456 n.* (citing 28 U.S.C. § 3553(e)). In United States v. Hood, 556 F.3d 226, 234 n.2 (4th Cir. 2009), this court rejected the argument Hayes now raises, concluding that "in determining the extent of a departure below a statutory minimum a district court should look to the substantial assistance factors listed in U.S.S.G. § 5K1.1(a). United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). . . . [T]he extent of a § 3553(e) departure is based solely on the defendant's substantial assistance and other factors related to that assistance." The court further stated that "[o]nly Congress could authorize a departure from the statutorily mandated minimum sentence, and it did so in § 3553(e) for the limited purpose stated there -- 'to reflect a defendant's substantial assistance in the investigation or

3

prosecution of another person who has committed an offense.'" Hood, 556 F.3d at 233 (quoting 28 U.S.C. § 3553(e)). Accordingly, we find the district court correctly found it was without authority to consider other factors than those in § 3553(e) and U.S.S.G. § 5K1.1 before ordering a sentence below the statutory minimum. See United States v. A.B., 529 F.3d 1275, 1285 (10th Cir.), cert. denied, 129 S. Ct. 440 (2008); United States v. Williams, 474 F.3d 1130, 1130-31 (8th Cir. 2007).

Hayes also argues the sentence was unreasonable. We review a sentence for reasonableness, and "whether inside, just outside, or significantly outside the Guidelines range," this court applies a "deferential abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 591 (2007). This court first must "ensure that the district court committed no significant procedural error." Id. at 597. Only if the sentence is procedurally reasonable can this court evaluate the substantive reasonableness of the sentence, again using the abuse-of-discretion standard of review. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We find no error and conclude the sentence is reasonable.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED