**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4824**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID EDWIN KOHN, JR., a/k/a David Johnson, a/k/a Officer
David Washington,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:07-cr-00645-TLW-1)

———————

Submitted:  June 24, 2010        Decided:  August 11, 2010

———————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina; Aileen P. Clare, Research and Writing
Specialist, Columbia, South Carolina, for Appellant. Kevin F.
McDonald, Acting United States Attorney, Alfred W. Bethea, Jr.,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Edwin Kohn, Jr., pled guilty, pursuant to a plea agreement, to two counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2006). Because Kohn was convicted of violating 18 U.S.C. § 924(c), the presentence report ("PSR") calculated his sentence in accordance with U.S. Sentencing Guidelines Manual ("USSG") § 2K2.4(b) (2006), which provides that the Guidelines sentence is the minimum term of imprisonment required by statute — in Kohn's case, ten years to life imprisonment on the first count of conviction and twenty-five years to life imprisonment on the second. The Government moved for a downward departure, USSG § 5K1.1, p.s., based on Kohn's substantial assistance. The court granted the Government's motion and sentenced Kohn to 274 months' imprisonment. Kohn appeals his sentence. Finding no error, we affirm.

On appeal, Kohn argues that the district court should have considered the § 3553(a) sentencing factors, and not merely the value of his assistance, in determining the extent of the departure below the statutory minimum sentence. Kohn acknowledges that this court has previously rejected a similar challenge, see United States v. Hood, 556 F.3d 226 (4th Cir. 2009), thus establishing circuit authority binding on subsequent panels. United States v. Collins, 415 F.3d 304, 311 (4th Cir.

2

2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court.") (internal quotation marks omitted).  Therefore, this claim fails.

Accordingly, we affirm the judgment of the district court and deny the Government's motion for summary affirmance as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3