**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4147**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

EDWARD LEE GREGORY, a/k/a Eddie Lee Gregory, a/k/a Eddie
Gregory,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:10-cr-01030-JFA-1)

Submitted:  September 27, 2012          Decided:  October 1, 2012

Before MOTZ, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South
Carolina, for Appellant.   William N. Nettles, United States
Attorney, Jeffrey Mikell Johnson, Robert F. Daley, Jr., William
K. Witherspoon, Assistant United States Attorneys, Columbia,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Lee Gregory pled guilty to possession of firearms in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2), 924(e) (West 2000 & Supp. 2011). The district court granted the Government's motion for a downward departure based on Gregory's substantial assistance, and sentenced Gregory to 130 months, the bottom of the Guidelines range. On appeal, Gregory contends that the district court erred by applying a four-level enhancement for use of a firearm in connection with another felony, USSG § 2K2.1(b)(6),[*] and abused its discretion by denying Gregory's request for a sentence below the mandatory minimum based on factors in addition to his substantial assistance to the Government. We affirm.

The Sentencing Guidelines provide for a four-level enhancement to a defendant's advisory Guidelines range if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). Trading a firearm for drugs constitutes "use" of a firearm "in relation to" a drug trafficking offense. Smith v. United States, 508 U.S. 223, 227 (1993); United States v. Garnett, 243 F.3d 824, 829 (4th Cir. 2001). Here, Gregory facilitated the sale of firearms from Joseph Patterson to John Bennett. Gregory

---

[*] U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2011).

2

took possession of the firearms and delivered them to Bennett in exchange for $3,600 cash, a pound of marijuana, and some pills. Gregory gave the money and the marijuana to Patterson, who gave Gregory $200 and a quarter pound of marijuana. Because Gregory exchanged the firearms for money and drugs, the district court properly applied the enhancement, finding that the use of the firearm was in relation to the felony offense of possession with intent to distribute marijuana.

Gregory was correctly determined to be an Armed Career Criminal, subject to the mandatory minimum 180-month sentence. 18 U.S.C. § 924(e) (2006). The Government moved for a downward departure based on Gregory's substantial assistance, and the court granted a four-level departure, making Gregory's advisory Guidelines range 130 to 162 months.

Gregory requested a sentence below this Guidelines range based on the fact that, between the time of the offense, October 2005, and the time he was indicted in October 2010, Gregory stopped using drugs, quit his criminal lifestyle, and maintained lawful employment. He argues that his sentence is unreasonable because the district court failed to give him any credit for his extraordinary post-offense, pre-indictment self-rehabilitation.

District courts have "[l]imited authority to impose a sentence below a statutory minimum." 18 U.S.C. § 3553(e)

3

(2006). Such authority is granted when the Government makes a motion for a reduced sentence based on the "defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Id. However, "the extent of a § 3553(e) departure is based solely on the defendant's substantial assistance and other factors related to that assistance." United States v. Hood, 556 F.3d 226, 234 n.2 (4th Cir. 2009); see United States v. A.B., 529 F.3d 1275, 1285 (10th Cir. 2008) (holding that district court lacks authority to depart further below statutory minimum after granting departure based on substantial assistance).

The district court properly exercised its authority to depart below the statutory mandatory minimum based on the Government's motion. We conclude that the district court did not abuse its discretion in considering the serious and prolonged nature of Gregory's criminal history, as well as his extraordinary self-rehabilitation and other sentencing factors, and imposing a 130-month sentence—the bottom of the advisory Guidelines range. See Gall v. United States, 552 U.S. 38, 46, 51 (2007) (providing standard of review); United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence). Accordingly, we affirm Gregory's sentence. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED