**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-6613**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BRYANT KELLY PRIDE, a/k/a Bryan Kelly Pride,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:07-cr-00020-JPJ-1)

───────────

Submitted: October 19, 2012      Decided: November 7, 2012

───────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

───────────

Bryant Kelly Pride, Appellant Pro Se. Jennifer R. Bockhorst, Zachary T. Lee, Assistant United States Attorneys, Abingdon, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryant Kelly Pride appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for a sentence reduction based on Amendment 750 to the crack cocaine Sentencing Guidelines. Pride also seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) and 15(c) motions as a successive 28 U.S.C.A. § 2255 (West Supp. 2012) motion, and dismissing on that basis.

With regard to the § 3582 denial of relief, we review the district court's decision for abuse of discretion; however, "[w]e review de novo . . . a court's conclusion on the scope of its legal authority under § 3582(c)(2)." United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). As the district court properly found, Pride was sentenced to the statutory mandatory minimum term of imprisonment and therefore is not eligible for a reduction via § 3582(c)(2). See id. at 187 ("[A] defendant who was convicted of a crack offense but sentenced pursuant to a mandatory statutory minimum sentence is ineligible for a reduction under § 3582(c)(2).") (citing United States v. Hood, 556 F.3d 226, 235-36 (4th Cir. 2009)). Accordingly, we affirm for the reasons stated by the district court. United States v. Pride, No. 1:07-cr-00020-JPJ-1 (W.D. Va. Feb. 29, 2012; filed Mar. 1, 2012 & entered Mar. 2, 2012).

2

Turning to the district court's construction of Pride's post-judgment motions as a successive § 2255 motion, and its dismissal of that motion, the court's dismissal order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Pride has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal.

Additionally, we construe Pride's notice of appeal and informal brief as an application to file a second or successive

3

§ 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence that clearly establishes innocence, or (2) a new, previously unavailable rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C.A. § 2255(h). Pride's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART