**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5167**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

CHARCEIL DAVIS KELLAM, a/k/a Charceil Kellam,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, District Judge.  (5:06-cr-00041-gec-7)

Submitted:  October 5, 2010          Decided:  December 3, 2010

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY, Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charceil Kellam appeals from her life sentence imposed following conviction by a jury of one count of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006) (Count One), and three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)-(C) (2006) (Counts Eight, Seventeen, and Eighteen). On appeal, Kellam challenges her sentence. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

Kellam first argues that the district court erred in sentencing her to life in prison on Counts One and Eight, under 21 U.S.C. § 841(b)(1)(A), because the Government failed to establish beyond a reasonable doubt that she had the requisite prior convictions to support the life sentences. We previously remanded the case on this ground, holding that in Kellam's initial sentencing, the Government did not prove the predicate offenses. United States v. Kellam, 568 F.3d 125, 141-46 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). We held that, pursuant to § 841(b)(1)(A), the Government must prove beyond a reasonable doubt that:

> (1) the defendant committed a federal drug offense involving 50 grams or more of cocaine base; (2) the defendant had at least two prior convictions; (3) such prior convictions were felony drug offenses; and (4) such convictions have become final.

2

<u>Id.</u> at 141. Moreover, we held that the Government must prove that Kellam was the person who committed the prior offenses. <u>Id.</u> at 142. As in the initial appeal, we review the district court's findings of fact for clear error and its legal rulings de novo. <u>Id.</u> at 143. Our review of the record supports the district court's findings that on remand, the Government established beyond a reasonable doubt that Kellam had two prior convictions to support her life sentences.

Kellam also asserts that her life sentences violate the Eighth Amendment. We disagree. "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." <u>Harmelin v. Michigan</u>, 501 U.S. 957, 994-95 (1991). In <u>United States v. Kratsas</u>, 45 F.3d 63, 68 (4th Cir. 1995), this court held that "a mandatory sentence of life imprisonment without release, as applied to a repeat drug offender, did not run afoul of the Eighth Amendment's prohibition against cruel and unusual punishment." In <u>Kratsas</u>, we applied the three-part test of <u>Solem v. Helm</u>, 463 U.S. 277, 292 (1983), which examines: "(1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions." <u>Kratsas</u>, 45 F.3d at 66.

Under the first prong of the Solem test, it is clear that Kellam's offenses were serious. She was charged with being part of a drug conspiracy that took place over the course of four years, and was held accountable for between 500 grams and 1.5 kilograms. Moreover, Kellam was a repeat offender with five prior drug convictions. As to the second and third prongs of the Solem test, a life sentence without release for a major drug violation is not disproportionate in comparison with other sentences under the federal sentencing guidelines or sentences imposed by states within the Fourth Circuit. See United States v. D'Anjou, 16 F.3d 604, 613-14 (4th Cir. 1994). Therefore, we conclude that Kellam's life sentences are not constitutionally disproportionate and that she has failed to show an Eighth Amendment violation.

Moreover, Kellam's life sentences are per se reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) ("A statutorily required sentence . . . is per se reasonable."). Finally, Kellam's request for a reduced sentence under 18 U.S.C. § 3582(c)(2) (2006) fails because Amendment 706 has no effect on a sentence imposed pursuant to a statutory mandatory minimum. See United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009).

We do perceive an error in the district court's resentencing, however. In reducing Kellam's sentence on Counts

4

Seventeen and Eighteen to 235 months' imprisonment, the district court exceeded the scope of its mandate on remand from this court. A resentencing hearing is generally conducted de novo unless the court of appeals' mandate specifically limits the district court to certain issues. United States v. Broughton-Jones, 71 F.3d 1143, 1149 n.4 (4th Cir. 1995) (remand without limitation); see also United States v. Apple, 962 F.2d 335, 337 (4th Cir. 1992) (remand instruction limited to specific potential error). Here, this court "vacate[d] the court's application of the enhancement provision and Kellam's resulting life sentence" and "remand[ed] that aspect of this appeal for further proceedings, authorizing the court to permit the prosecution to properly support — if it can — the prior convictions alleged in the Information."[*] Kellam, 568 F.3d at 145-46. This mandate was precise and unambiguous, and instructed the district court to correct one specific error only. Furthermore, none of the exceptions to the mandate rule noted in United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993), are applicable in this case. Accordingly, the district court

---

[*] To the extent the district court may have been misled by our more general sentence closing the opinion, "we vacate Kellam's sentence . . . and remand for such further proceedings as may be appropriate," this language did not override our prior, more specific direction.

erred by conducting a de novo resentencing and reducing Kellam's sentence on Counts Seventeen and Eighteen.

We affirm the life sentences imposed by the district court on Counts One and Eight. However, we vacate Kellam's sentence on Counts Seventeen and Eighteen and remand the case to the district court with instructions to reinstate the original 360-month sentences on those counts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED