**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6245**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

LAMONT DELMAR PARKER, a/k/a Monster,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:09-cr-00021-BR-1)

Submitted: June 19, 2014          Decided: June 23, 2014

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lamont Delmar Parker, Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Joshua Bryan Royster, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Delmar Parker appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction based on the Fair Sentencing Act of 2010 ("FSA"), which changed the statutory minimum sentences for crack offenses, and the attendant Sentencing Guidelines amendments. In denying relief on Parker's motion, the district court found that Amendment 750 had no effect on Parker's Guidelines range because he received a career offender sentence in October 2009. We affirm.

The district court properly concluded that it lacked authority to grant a sentence reduction under § 3582(c)(2) because Parker's Guidelines range was driven by his career offender designation and not the crack cocaine Guidelines provisions. See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010); see also United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that the FSA does not apply retroactively to defendants sentenced prior to its August 3, 2010 effective date). Furthermore, our recent decision in United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013), cert. denied, 134 S. Ct. 1902 (2014), forecloses Parker's claim that the FSA's amendments to the relevant statutory scheme should be applied in his § 3582(c)(2) proceeding.

Accordingly, we affirm the district court's order. See United States v. Parker, No. 5:09-cr-00021-BR-1 (E.D.N.C. Feb. 14, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED