**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-6698

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JEFFREY LYNN MYERS,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.    (5:06-cr-00033-RLV-DCK-1; 5:11-cv-
00065-RLV)

Submitted: October 31, 2014          Decided: January 14, 2015

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Jeffrey Lynn Myers, Appellant Pro Se.   Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Lynn Myers filed a 28 U.S.C. § 2255 (2012) motion raising several claims of ineffective assistance of counsel. The district court denied relief on all but one claim, namely, that counsel was ineffective for failing to object to Myers's sentence as to Count Two because the jury had convicted him of simple possession, rather than possession with intent to distribute, as charged in the indictment. Because the statutory maximum applicable to Count Two was three years, the district court entered an amended judgment, without holding another sentencing hearing, imposing a three-year sentence on that count. Myers now appeals the denial of relief on some of his unsuccessful habeas claims and the amended judgment. We dismiss this appeal in part, and we affirm the court's amended criminal judgment.

An amended judgment entered as a result of a § 2255 resentencing "is a hybrid order that is both part of the petitioner's § 2255 proceeding and part of his criminal case." United States v. Hadden, 475 F.3d 652, 664 (4th Cir. 2007). To the extent the movant seeks to appeal the order by challenging the district court's decision not to grant relief on some of the claims in his § 2255 motion, he is appealing the final order in a proceeding under § 2255 and must obtain a certificate of appealability (COA) under § 2253. To the extent he seeks to

appeal the order by challenging the propriety of the relief granted, i.e., whether the relief was appropriate under § 2255 or whether the new sentence is in conformity with the Sentencing Guidelines, he is appealing a new criminal sentence and need not obtain a COA. Id. at 664-66.

With respect to Myers's appeal of the district court's order denying relief on all but one claim in his § 2255 motion, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Myers has not made the requisite showing.

3

Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal.

Myers also seeks to appeal the amended criminal judgment, claiming the district court should have held a resentencing hearing to afford him the benefit of the Fair Sentencing Act of 2010 and the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). We disagree with Myers's arguments.

We have held that the Fair Sentencing Act does not apply retroactively to sentences imposed before its enactment in 2010. United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011). Myers was sentenced in 2008, and because the amended criminal judgment issued by the district court following his § 2255 motion corrected his original sentence without a full resentencing, the Fair Sentencing Act is not implicated. See United States v. Black, 737 F.3d 280, 286 (4th Cir. 2013) (explaining that application of the FSA to sentences imposed after its effective date "refer[s] to initial sentencings . . . not to subsequent proceedings to modify [a] sentence").

Myers's claim under Alleyne also fails. In that case, the Supreme Court held that any fact that increases the mandatory minimum for a crime must be submitted to the jury and found beyond a reasonable doubt. 131 S. Ct. at 2155. Here, the indictment charged Myers with conspiracy involving more than

4

fifty grams of crack cocaine. The jury, however, found Myers responsible for only five grams of crack cocaine. This finding was sufficient, at the time, to require a mandatory minimum sentence and therefore Myers's original sentence did not violate Alleyne. Moreover, the district court's ultimate sentence of 360 months relied on Myers's status as a de facto career offender, and did not result from any mandatory minimum sentence.

Accordingly, we affirm as to the district court's amended judgment. We further deny Myers's motions for the appointment of counsel and for a stay of transfer to another facility. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

5