**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-7967

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LEE NICKENS, a/k/a Spoon,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, Chief District Judge.  (5:04-cr-30018-GEC-9)

Submitted:  July 22, 2016          Decided:  August 11, 2016

Before WILKINSON, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant.   John P. Fishwick, Jr., United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Ashwin Shandilya, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Nickens appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction based on Amendment 782. The district court concluded that Nickens was not eligible for a sentence reduction under § 3582(c)(2), because Amendment 782 did not have the effect of lowering his applicable Guidelines range. We affirm.

A district court may reduce a term of imprisonment if a defendant's Guidelines range has subsequently been lowered by the Sentencing Commission and the reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(2) (2012). A reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if "an amendment listed in [U.S. Sentencing Guidelines Manual § 1B1.10(d) (2015)] does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

"To determine whether a particular amendment has that effect, the sentencing court must 'substitute only the amendments' rendered retroactive by the Commission and 'leave all other guideline application decisions unaffected.'" United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (quoting USSG § 1B1.10(b)(1)). We review the district court's ruling as to the scope of its legal authority de novo. Id. at 256.

We have reviewed the record and conclude that the district court correctly determined Nickens was not eligible for a sentence reduction under § 3582(c)(2), because Amendment 782 did not have the effect of lowering his applicable Guidelines range. Nickens was sentenced as a career offender in 2005. He contends that his Guidelines range would be lower if he were sentenced today, because the statutory maximum for his offense of conviction was lowered by the Fair Sentencing Act of 2010. However, the Act does not apply retroactively to defendants who were sentenced before its effective date of August 3, 2010. See United States v. Black, 737 F.3d 280, 285-87 (4th Cir. 2013).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED