**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6833

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTINEZ KARON HOLMES, a/k/a Hammer,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Margaret B. Seymour, Senior District Judge. (2:09-cr-00582-MBS-1)

Submitted: November 27, 2019                Decided: December 5, 2019

Before KEENAN and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles W. Cochran, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant. Emily Evans Limehouse, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martinez Karon Holmes appeals from the district court's order denying his motion for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("FSA 2018"). Counsel on appeal has filed a brief pursuant to *Anders v. California,* 386 U.S. 728 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court abused its discretion in denying Holmes' motion. We affirm.

We review a district court's sentence reduction decision for abuse of discretion and the scope of the district court's legal authority de novo. *See United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013) (stating standard of review in context of 18 U.S.C. § 3582(c)(2) (2018) motion). FSA 2018 allows the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 ("FSA 2010"). *United States v. Wirsing*, __ F.3d __, 2019 WL 6139017, *4 (4th Cir. Nov. 20, 2019). FSA 2018 provides that a sentencing court "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the [FSA 2010] were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA 2010], that was committed before August 3, 2010." *Id.* § 404(a). Section 2 of FSA 2010 increased the drug quantities necessary to trigger the mandatory minimum sentences in 21 U.S.C.A. § 841(b)(1) (West 2013 & Supp. 2019) for crack cocaine offenses. *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013). FSA 2010 also lowered the crack-to-powder ratio from 100:1 to 18:1. *Id.*

2

FSA 2018 prohibits a district court from entertaining a motion to reduce sentence "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the [FSA 2010]." § 404(c), 132 Stat. at 5222. Further, FSA 2018 does not require a court to reduce the sentence of any movant. Instead, the decision to do so rests in the discretion of the district court. *Id.*

Here, the district court explicitly stated that it was denying Holmes' motion because it had previously sentenced him, after the effective date of FSA 2010, using more beneficial ratios than he was entitled to under FSA 2010. Specifically, in 2011, Holmes received a sentence reduction using a 1:1 crack-to-powder ratio. Given the court's discretion in the matter, we find that Holmes cannot show error in the denial of his motion for a further sentence reduction.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the denial of Holmes' motion. This court requires that counsel inform Holmes, in writing, of the right to petition the Supreme Court of the United States for further review. If Holmes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holmes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*