**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6217**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ENERVA W. TROTMAN, a/k/a Charles Carlos Clark,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:91-cr-00092-H-1)

Submitted:  November 10, 2020                     Decided:  November 17, 2020

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Enerva W. Trotman, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enerva W. Trotman appeals the district court's order denying his motions for a sentence reduction pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). We affirm in part, vacate in part, and remand for further proceedings.

We turn first to Trotman's First Step Act motions. The First Step Act provides that a sentencing court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) [(FSA)] were in effect at the time the covered offense was committed." First Step Act, § 404(b), 132 Stat. at 5222. A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA], that was committed before August 3, 2010." First Step Act, § 404(a), 132 Stat. at 5222. As relevant here, section 2 of the FSA increased the drug quantities necessary to trigger the mandatory minimum sentences in 21 U.S.C. § 841(b)(1) for crack cocaine offenses. *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013). Thus, "all defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in section 404(c) of the First Step Act, are eligible to move for relief under that Act." *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019).

Trotman is serving sentences for three counts of distribution of cocaine base (Counts 2, 3, and 4) and one count of using or carrying a firearm during and in relation to a drug trafficking crime (Count 5). As a firearm offense, Count 5 is not relevant to this analysis. On Counts 2, 3, and 4, Trotman's amended criminal judgment only indicates that he was

2

convicted under 21 U.S.C. § 841(a)(1); it does not specify the penalty portion of the statute under which he was sentenced.[*] However, it is plain from the record that, on each of the three relevant counts, Trotman was sentenced under 21 U.S.C. § 841(b)(1)(C). Defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(C) are not eligible for relief under section 404 of the First Step Act because 21 U.S.C. § 841(b)(1)(C)'s statutory penalties were not modified by the FSA. *See* First Step Act, § 404(a), 132 Stat. at 5222. Accordingly, Trotman is not eligible for First Step Act relief, and the district court did not err in denying his First Step Act motions.

We turn next to Trotman's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." A district court's ruling on an 18 U.S.C. § 3582(c)(1)(A) motion is reviewed for abuse of discretion. *See, e.g.*, *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). A district court also abuses its discretion "when it ignores unrebutted, legally

---

[*] Subsection (a) of § 841 "prohibits, *inter alia,* possession of controlled substances with the intent to distribute them. Subsection (b)(1) sets forth various penalties that vary according to, *inter alia,* the quantity of the particular controlled substance at issue." *United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001) (en banc) (citation omitted).

significant evidence." *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 171 (4th Cir. 2019) (internal quotation marks omitted).

When deciding whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A), a district court is obliged to consider the 18 U.S.C. § 3553(a) sentencing factors "to the extent that they are applicable," and may grant a sentence reduction if it is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has specified circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction, including but not limited to the defendant's medical conditions, age, and family circumstances. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1, p.s. (2018).

Here, the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors, failed to address Trotman's arguments in favor of a reduction, and failed to explain its reasons for denying the motion. Accordingly, we are unable to meaningfully review this portion of the district court's order. We therefore affirm the portion of the district court's order denying Trotman's First Step Act motions; vacate the portion of the order denying Trotman's compassionate release motion; and remand for further proceedings. We express no view on the merits of Trotman's compassionate release motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

4