**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7117**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS WILLIAMS, a/k/a Slab,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, Senior District Judge. (1:08-cr-00729-MBS-14)

Submitted: March 9, 2021                    Decided: March 29, 2021

Before THACKER, HARRIS, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Travis Williams, Appellant Pro Se. Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Williams appeals from the district court's order granting in part and denying in part his motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act of 2018 (FSA 2018), Pub. L. No. 115-391, 132 Stat. 5194, 5222. Challenging the denial ruling, Williams argues he was eligible for a sentence reduction under these provisions, that the district court's explanation is insufficient to permit meaningful appellate review, and that the district court did not address his meritorious arguments for a reduced prison term. We vacate and remand for further proceedings.

The FSA 2018 authorizes a sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time [a] covered offense was committed." § 404(b), 132 Stat. at 5222 (internal citation omitted). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222 (internal citation omitted). As relevant here, section 2 of the Fair Sentencing Act of 2010 increased the drug quantities necessary to trigger the mandatory minimum sentences in 21 U.S.C. § 841(b)(1) for cocaine base offenses. *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013). At the time of Williams' conviction and sentencing for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 851, he faced a prison term of 20 years to life in prison. Section 2 of the Fair Sentencing Act of 2010 reduced that statutory range to 10 years to life in prison. As this court has recognized, "[a]ll defendants who are serving sentences for

2

violations of 21 U.S.C. § 841(b)(1)(A)(iii) . . . , and who are not excluded pursuant to the expressed limitations in [§] 404(c) of the [FSA 2018], are eligible to move for relief under that Act." *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019); *see United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Because Williams' prison term was based on § 841(b)(1)(A)(iii), and he is not excluded by the expressed limitations in § 404(c) of the FSA 2018, he is eligible for a sentence reduction under that act.

Additionally, in the analogous context of a sentence reduction motion under 18 U.S.C. § 3582(c)(2), the Supreme Court has explained that a district court need only "set forth enough to satisfy the appellate court that [it] ha[s] considered the parties' arguments and ha[s] a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (internal quotation marks omitted). After *Chavez-Meza*, we issued our decision in *United States v. Martin*, 916 F.3d 389, 396-97 (4th Cir. 2019), and concluded that the district court there was obliged to provide an individualized explanation for denying the § 3582(c)(2) motions when the defendants had submitted significant evidence of post-sentencing rehabilitation in support thereof. In *United States v. McDonald*, 986 F.3d 402, 408-12 (4th Cir. 2021), we applied *Chavez-Meza* and *Martin* in the context of a sentence reduction motion filed pursuant to § 3582(c)(1)(B) and § 404(b) of the FSA 2018. There, we held that the district court was required to provide an individualized explanation for denying the sentence reduction motions under the FSA 2018 when the defendants presented significant evidence of their post-sentencing rehabilitation. *Id.* at 412. In making that individualized explanation, we stated, the district court may "consider the facts of [a defendant's] original

3

transgressions," but the court "must also at least weigh [the defendant's] conduct in the years since [his] initial sentencing[]." *Id.*

The district court's order is unclear as to whether the court denied Williams a reduction to his prison term based on a finding that Williams was ineligible for relief or whether the court exercised its discretion to deny a sentence reduction to an eligible defendant. In any event, because the district court did not have the benefit of our decisions in *Wirsing* and *McDonald* when it ruled on Williams' motion, we vacate and remand for further proceedings. We grant Williams' motion requesting that the decision on appeal not be published. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*