**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6515**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BILLY R. MCCULLERS, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Senior District Judge.  (4:07-cr-00049-RBS-JEB-1)

Submitted:  March 10, 2021                   Decided:  March 31, 2021

Before NIEMEYER and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Billy R. McCullers, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy R. McCullers, Jr., appeals the district court's April 2, 2020, order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act").[1]  The district court determined that McCullers was eligible for relief under the First Step Act but declined to exercise its discretion to reduce McCullers' sentence.  Because the district court decided McCullers' motion without the benefit of our decision in *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021), we vacate and remand.

The First Step Act provides that a sentencing court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) [(FSA)] were in effect at the time the covered offense was committed." First Step Act, § 404(b), 132 Stat. at 5222.  A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the

---

[1] The district court originally denied McCullers' motion in an order dated May 16, 2019.  On appeal, the record contained only a one-page order summarily denying the motion.  We vacated the order and remanded, stating that we were unable to "discern whether the court believed that a sentence reduction was unwarranted or whether the court determined that McCullers was ineligible for relief." *United States v. McCullers*, 796 F. App'x 174, 175 (4th Cir. 2020) (No. 19-6862).  On remand, in its April 2, 2020, order, the district court explained that its prior order had, in fact, consisted of the one-page form order, as well as two additional sealed pages that apparently had not been forwarded to this court on appeal.  In the two sealed pages, the district court had determined that McCullers was eligible for relief but had declined to exercise its discretion to grant that relief based on the circumstances of the case and the 18 U.S.C. § 3553(a) factors.  The district court then stated that it was denying McCullers' motion for the same reasons detailed in the May 16, 2019, order.  We therefore consider both the April 2, 2020, order and the complete May 16, 2019, order in reviewing the instant appeal.

2

[FSA], that was committed before August 3, 2010." *Id.* As relevant here, section 2 of the FSA increased the drug quantities necessary to trigger the mandatory minimum sentences in 21 U.S.C. § 841(b)(1) for crack cocaine offenses. *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013).

On appeal, McCullers primarily argues that the district court erred in ruling that he was not eligible for First Step Act relief. McCullers is mistaken. In fact, the district court found that McCullers is eligible for relief because Counts 2, 3, 5, 12, and 13 are covered offenses under the First Step Act. Accordingly, the district court did not decline to reduce McCullers' sentence because McCullers was ineligible, it declined to reduce his sentence because it found that the sentence remained appropriate despite his eligibility.

McCullers is correct that the district court erred when it did not list Count 1—conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base and 500 grams or more of cocaine and to manufacture 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(ii), 846—as a covered offense. *See United States v. Gravatt*, 953 F.3d 258, 259 (4th Cir. 2020) (holding that "a conspiracy that involves the distribution of 50 or more grams of crack cocaine, which is a 'covered offense' under the [First Step Act,] . . . remains a covered offense if the conspiracy also charges distribution of powder cocaine, the penalties for which were not modified"). However, this error, on its own, is harmless because the district court found McCullers eligible for a reduction based on five other counts, and the reasons the court listed for declining to reduce McCullers' sentence—the circumstances of the case and the 18 U.S.C.

3

§ 3553(a) factors—apply with equal force whether McCullers was convicted of five covered offenses or six.

Although McCullers' primary argument on appeal focuses on his eligibility for relief, our analysis does not end there. Liberally construing McCullers' informal brief and subsequent Fed. R. App. P. 28(j) letter, *see Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (noting that we "liberally construe pro se pleadings"), we conclude that we must also consider whether the district court erred in denying discretionary relief.

After a district court determines, as it did here, that a defendant is eligible for relief under the First Step Act, the court is not "require[d]" to reduce the defendant's sentence. § 404(c), 132 Stat. at 5222. On the contrary, "the district court has discretion in determining whether relief under the [First Step Act] is appropriate." *Gravatt*, 953 F.3d at 261. However, in exercising that discretion, the district court must sufficiently explain its decision to allow for meaningful appellate review. *McDonald*, 986 F.3d at 412. And, when a defendant presents significant evidence of postsentencing rehabilitation, the district court must weigh that evidence before ruling on the defendant's motion. *Id.*

Here, McCullers submitted evidence that—despite a lengthy sentence—his postsentencing rehabilitation efforts have been substantial, including earning his GED, engaging in extensive prison programming, maintaining employment, exhibiting good behavioral conduct over a significant period of time, and satisfying his outstanding financial obligations. Contrary to *McDonald*, the district court's orders denying McCullers' motion do not explicitly weigh any of this evidence.

4

Accordingly, consistent with our broad authority to request a more detailed explanation from the district court, *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018), we vacate the court's April 2, 2020, order and remand so that the court may reassess McCullers' First Step Act motion in light of *McDonald*.[2] We express no view on the merits of McCullers' motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] On remand, the district court should include Count 1 as a covered offense under the First Step Act.