**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6629

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIS DAMON WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:13-cr-00758-JFA-1)

Submitted:  February 10, 2026                     Decided:  March 17, 2026

Before WYNN and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Alvis Damon Williams, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2014, a federal jury convicted Alvis Damon Williams of possession with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C) (Count 1); possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). In June 2014, the district court sentenced Williams to 180 months' imprisonment: 120 months for Counts 1 and 2 plus 60 months for Count 3. We affirmed, and Williams's attempt to obtain postconviction relief was unsuccessful, as were his first two motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Williams now appeals the district court's order denying his third motion for compassionate release. He also appeals the district court's denial of his request for relief under Amendment 821.[1] *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amend. 821, Part A (2023). Finding no reversible error, we affirm.

"This Court reviews the denial of compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion." *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "Under this standard, we may not substitute our judgment for that of the district court." *United States v. Washington*, 161 F.4th 816, 820 (4th Cir. 2025) (alteration and internal quotation marks omitted). Rather, "we may only ensure that the

---

[1] Although the district court considered Williams's request for relief under Amendment 821 as part of his third motion for compassionate release, this request is properly construed as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

2

district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted). In other words, "an abuse of discretion is when the district judge is fundamentally wrong, not when we disagree with the district court's judgment." *Id.* (internal quotation marks omitted).

"A district court analyzes a compassionate release motion in two steps." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). At the first step, the court "determines whether the defendant is eligible for a sentence reduction. To be eligible, the court must find that relief is warranted because of extraordinary and compelling reasons and consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (citation and internal quotation marks omitted). At the second step, "the court considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief." *Id.*

Here, the district court stopped at the first step, concluding that Williams had failed to identify extraordinary and compelling reasons for his early release, as those are defined in the applicable policy statement—USSG § 1B1.13, p.s. After reviewing the record, we conclude that the district court did not abuse its discretion in finding that Williams did not meet his burden of demonstrating that he is the sole available caregiver for his daughter and mother, USSG § 1B1.13(b)(3), p.s.; that there is a gross disparity between his sentence and the sentence likely to be imposed today, USSG § 1B1.13(b)(6), p.s.; or that there are other reasons for his early release, USSG § 1B1.13(b)(5), p.s. Accordingly, we affirm the district court's denial of Williams's third motion for compassionate release.

3

We now turn to Williams's motion for a sentence reduction pursuant to § 3582(c)(2). When Williams was sentenced, a defendant who "committed the instant offense while under any criminal justice sentence" received two additional criminal history points. USSG § 4A1.1(d) (2013). Amendment 821, which became effective on November 1, 2023, eliminated or reduced these so-called "status points." USSG Supp. to App. C, Amend. 821, Part A. Now, if a defendant has six or fewer criminal history points based on his prior sentences, he receives no status points; and, if a defendant, like Williams, has seven or more criminal history points based on his prior sentences, he receives only one status point. *See* USSG § 4A1.1(e) (2023). The Sentencing Commission made Amendment 821 retroactive. *See* USSG § 1B1.10(d), p.s.; *see United States v. Barrett*, 133 F.4th 280, 282-83 (4th Cir. 2025) (outlining Amendment 821).

Here, applying Amendment 821 reduces Williams's criminal history score from 10 to 9 and his criminal history category from V to IV. *See* USSG ch. 5, pt. A (sentencing table). With that new criminal history category, Williams's Sentencing Guidelines range for Counts 1 and 2 drops from 110 to 137 months' imprisonment to 92 to 115 months' imprisonment. *See id.* However, as the district court concluded, Williams was subject to a mandatory minimum sentence of 120 months' imprisonment for Count 1. 21 U.S.C. § 841(b)(1)(B). This means that his Guideline sentence for that offense is 120 months' imprisonment after Amendment 821. *See* USSG § 5G1.1(b). Accordingly, the court was prohibited from reducing Williams's sentence for Count 1 any lower than 120 months'

4

imprisonment—under the statute and the Guidelines.[2]  *See* USSG § 1B1.10(b)(2)(A)-(B), p.s. (providing that court ordinarily may not reduce sentence to term less than amended Guideline range); *United States v. Black*, 737 F.3d 280, 286 (4th Cir. 2013) (affirming denial of § 3582(c)(2) motion when defendant "was originally sentenced to a *statutory minimum* sentence fixed by Congress in 21 U.S.C. § 841(b)(1)").

Moreover, Williams's argument that he is no longer subject to the mandatory minimum sentence based on § 401 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5520-21, is not properly raised in a motion for a sentence reduction under § 3582(c)(2).  Nor is Williams's concern that the over-representation of his criminal history score is preventing him from participating in certain programming that could reduce his sentence.  *See Barrett*, 133 F.4th at 286 ("[W]hat falls outside the scope of § 1B1.10(b)(1) are aspects of the sentence the defendant seeks to correct that were *not* affected by the retroactive amendment." (internal quotation marks omitted)).  Accordingly, we affirm the denial of Williams's request for relief under Amendment 821.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] The district court could have reduced Williams's sentence for his § 922(g)(1) conviction in Count 2.  But because his sentence for Count 2 runs concurrently with his sentence for Count 1, which cannot be reduced, we conclude that any error in the district court's assessment of its authority was harmless.  *See United States v. Benton*, 24 F.4th 309, 315 (4th Cir. 2022) (explaining concurrent sentence doctrine).